UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Patrick K. Winter,

    Plaintiff,

v.

Messerli & Kramer, P.A.,
and Ashley "Doe",

    Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 10-4654

_____

    Nicholas P. Slade, Barry & Slade, LLC, Counsel for Plaintiff.

    Derrick N. Weber and Jennifer Zwilling, Messerli & Kramer, P.A., Counsel for Defendants.

_____

    Plaintiff incurred a debt that went into default; a Capital One credit card account in the amount of $2,565.39.  (Winter Affidavit ¶ 2.)  Defendant Messerli & Kramer ("MK") was retained by Capital One to collect the debt.  (MK Answer ¶ 9.)  MK commenced a legal action against Plaintiff in state court in May 2007.  (Id. ¶ 10.)  The action was eventually settled, where Plaintiff would pay Capital One $4,400, payable with an initial payment of $440, followed by monthly payments of $300.  (Zwilling Aff., Ex. A.)

    MK asserts that Plaintiff defaulted under the terms of the settlement almost

immediately. He did not make a July 2009 payment, he only made a $150 payment in August 2009, a $390 payment in September, a $400 payment in October, no payments in February, March or April 2011, and a $300 payment in May 2011. (Zwilling Aff. ¶ 5.) MK asserts that it worked with Plaintiff by accepting sporadic payments. (Id. ¶ 7.) Plaintiff would call MK, submit a payment by phone for a specific date, and one to two business days later, such payment would be withdrawn from his account. (Id. ¶ 8, Ex. B (Plaintiff's Bank Acct Records).) MK asserts a timely notice of intent to withdraw was sent each time notice was required. (Id. ¶ 9.)

MK asserts that on June 30, 2010, Plaintiff contacted MK and spoke with defendant Ashley and requested that he be allowed to postpone his June 2010 payment until July 6, 2010, and that he would make the July payment on July 31, 2010. (Id., Ex. C (Ashley Dep. 19).) Ashley agreed to the late payment and entered two post-dated payments into MK's computer system. (Id.)

Plaintiff denies authorizing the deposit of a post-dated check during this conversation. MK prepared a letter notifying Plaintiff that it intended to deposit the post-dated check on July 6, 2010, and for Plaintiff to ensure that sufficient funds were in his account. (Winter Aff., Ex. 1.) Plaintiff asserts that he did not

receive this letter until July 11, 2010.  (Winter Aff. ¶ 4.)

MK's records reflect that notice of intent to deposit Plaintiff's post-dated July 6, 2010 payment was sent to Plaintiff on July 1, 2010.  (Id., Ex. D (Fleming Dep. 26, Ex. 17).)  On July 6, 2010, Plaintiff deposited $330 into his account.  (Zwilling Aff. Ex. B.)  On that date, MK deposited the post-dated July 6, 2010 check from Plaintiff, which was withdrawn form Plaintiff's back account on July 8, 2010.  (Id. Ex D. (Fleming Dep. 28); Ex. B.)  On July 29, 2010, MK refunded Plaintiff's July 6, 2010 payment.  (Id. ¶ 11; Ex. D (Fleming Dep. 28).)

It is Plaintiff's position that failing to given him proper notice prior to depositing the check violated numerous provisions of the Fair Debt Collections Practices Act.  Plaintiff now moves for summary judgment.

**Standard**

Summary judgment is appropriate if, viewing all facts in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The party seeking summary judgment bears the burden of showing that there is no disputed issue of material fact.  Celotex, 477 U.S. at 323.  This burden can be met "by 'showing' -

that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." Id. at 325.  The party opposing summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial.  Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

**Analysis**

Plaintiff argues that even accepting as true MK's assertion that Plaintiff authorized MK to deposit the check on July 6, during the June 30th conversation, and that MK sent a notice of intent to deposit a post-dated check on July 1, 2010, he is entitled to summary judgment on his claim that MK's notice was untimely.  The FDCPA requires MK to provide Plaintiff notice not less than three business days prior to depositing the check.  15 U.S.C. § 1692f(2).

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

Here, MK deposited the check on Tuesday, July 6, 2010.  Plaintiff argues that accepting as true that MK sent the notice on July 1, 2010, MK did not provide sufficient notice under the FDCPA as only two business days passed before MK deposited the check on July 6.  Relying on the definition of "business day" in Black's Law Dictionary (8th ed.), Saturdays, Sundays and legal holidays are not to be considered a business day.  In 2010, the Fourth of July fell on Sunday, therefore Monday, July 5, was considered a holiday and should not be counted as a business day.  Accordingly, only the previous Thursday and Friday can be counted as business days prior to MK depositing the check.

Plaintiff further asserts that he did not receive the notice until on or about July 11, 2010 - four days after the check was deposited.  (Winter Aff. ¶ 4.)  In support, he has submitted an envelope, that is post-marked July 10, 2010. (Winter Aff., Ex. 2.)  Based on this evidence, Plaintiff argues that he is entitled to summary judgment on the issue of whether notice was timely sent.

MK responds that the FDCPA does not define "business day."  While Plaintiff relies on the definition included in Black's Law Dictionary to define business day as excluding weekends and holidays, MK asserts a more appropriate definition of business day is that included in the Truth in Lending

5

Act.  TILA defines business day as all calendar days except Sundays and legal public holidays as specified in 5 U.S.C. § 6103 (a).  12 CFR § 226.2 (a)(6).  MK argues that TILA is more relevant to the FDCPA than is Black's Law Dictionary.  See, e.g., Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 130 S.Ct. 1605, 1615-16 (2010) (holding that TILA and FDCPA are both part of the Consumer Credit Protection Act, and that Congress relied on TILA when drafting FDCPA).

If the Court were to adopt TILA's definition of "business day", then MK's deposit of the post-dated check on July 6, 2010 did not violate § 1692f(2), since both Saturday, July 3 and Monday, July 5, would be included.  MK asserts that July 5, 2010 should be counted, as it was not one of the holidays recognized by TILA.  MK further asserts that July 6, 2010 should also be included in the calculation.  Finally, MK asserts that it has provided evidence that it did send the notice on July 1, 2010. (Zwilling Aff., Ex. D (Fleming Dep. at 26; Ex. 2).)

Because the FDCPA does not define business day, and because the dispute involves the Fourth of July weekend, the Court finds that a reasonable jury could find for either party under the facts presented.  Accordingly, even assuming Plaintiff authorized the deposit on June 30th, and that notice was sent on July 1, 2010, the Court finds that Plaintiff has not demonstrated that summary judgment

is warranted in his favor on the issue of whether MK provided sufficient notice before depositing his post-dated check. See Pezza v. Wells Fargo Bank, N.A., No. 09-2097, 2011 WL 3847248, at *9 (D. N.J. Aug. 30, 2011) (finding that summary judgment not appropriate where state statute did not define relevant term in a mortgage agreement). The additional fact issues concerning when written notice was sent also precludes summary judgment.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. No. 13] is **DENIED.**

Date:   January 20, 2012

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court